**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

| | |
|---|---|
| IN RE SOURCEFIRE, INC. SHAREHOLDER ) LITIGATION ) | Lead Case No. 1:13-cv-02271-JFM (Consolidated with Case Nos. 1:13-cv-02332-JKB; 1:13-cv-02377-JKB; and 1:13-cv-02483-JKB) |
| ) | |
| This Document Relates To: ) | |
| ) | CLASS ACTION |
| ALL ACTIONS. ) | |
| ) | |

## STIPULATION OF SETTLEMENT

This Stipulation of Settlement ("Stipulation"), dated December 4, 2013, is made and entered into pursuant to Rule 23 of the Federal Rules of Civil Procedure and contains the terms of a settlement entered into by and among the Plaintiffs, on behalf of themselves and Members of the Settlement Class, and Defendants, through their respective counsel in the above captioned action.[1] This Stipulation is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims against the Released Parties, upon and subject to the terms and conditions hereof and subject to the approval by the Court.

## I.    THE CLASS ACTION

On July 23, 2013, Sourcefire, Inc. ("Sourcefire" or the "Company") announced that it had entered into an Agreement and Plan of Merger (the "Merger Agreement") with Cisco Systems, Inc. ("Cisco" or "Parent") and Shasta Acquisition Corp. ("Shasta" or "Merger Sub"), a wholly owned subsidiary of Cisco, pursuant to which Cisco would pay $76.00 per share in cash in

---

[1] Capitalized terms used, but not immediately defined, are defined herein below at Part IV, §1.

exchange for each share of Sourcefire and assume outstanding equity awards for an aggregate purchase price of approximately $2.7 billion.

On August 12, 2013, the Company filed with the U.S. Securities and Exchange Commission (the "SEC") a preliminary proxy statement (the "Preliminary Proxy").

On July 26, 2013, Plaintiff Michael Vukosa filed a shareholder class action complaint in the Circuit Court for Howard County in the State of Maryland, alleging breach of fiduciary duty and aiding and abetting claims against Defendants.

From August 6, 2013 through August 16, 2013, three separate shareholder class action complaints were filed by Plaintiff Michael Josenhans, Plaintiff Robert Collier, and Plaintiff Sally LeBow in the Circuit Court for Howard County in the State of Maryland, each alleging a breach of fiduciary duty and aiding and abetting claims against Defendants.

The Vukosa, Josenhans, Collier, and LeBow complaints were removed to this Court on August 6, 2013 (1:13-cv-02271-JFM), August 9, 2013 (1:13-cv-02332-JKB), August 14, 2013 (1:13-cv-02377-JKB), and August 23, 2013 (1:13-cv-02483-JKB), respectively.  On August 28, 2013, the Court granted the parties' Proposed Stipulation and Order Consolidating Related Actions and Related Matters, which, among other things, consolidated the Vukosa, Josenhans, and Collier complaints under the caption *In re Sourcefire, Inc. Shareholder Litigation*, 1:13-cv-02271-JFM, and set forth the parties' agreed upon schedule for expedited proceedings and hearing on Plaintiffs' Motion for Preliminary Injunction.  The Court appointed Vukosa, Josenhans, and Collier as Co-Lead Plaintiffs and Robbins Arroyo LLP, Brodsky & Smith, LLC, and Faruqi & Faruqi, LLP as Co-Lead Counsel.  On September 4, 2013, the Court issued an Order adding the *LeBow* case to the other consolidated cases.

On September 3, 2013, in anticipation of filing an amended consolidated class action complaint, Co-Lead Counsel Robbins Arroyo LLP sent a written demand letter (the "Settlement Demand") to counsel for Sourcefire outlining alleged structural and disclosure deficiencies and demanding that Defendants disclose certain additional information to Sourcefire's shareholders in advance of any shareholder vote on the Merger Agreement.

On September 4, 2013, an amended consolidated class action complaint ("Complaint") was filed in the Court by Plaintiffs alleging breach of fiduciary duty and aiding and abetting claims against Defendants based upon, *inter alia*, allegedly misleading disclosures and omissions in the Preliminary Proxy and allegedly unreasonable deal protections.

As set forth below, after arm's-length negotiations, the Settling Parties reached an agreement regarding the terms for a settlement memorialized in a Memorandum of Understanding ("MOU") dated September 6, 2013. The terms reflected in this MOU include, among other things, an agreement that the Company will make certain additional public disclosures regarding the Merger prior to the shareholder vote in exchange for complete releases by the Settlement Class of all claims.

Following the execution of the MOU, and as contemplated therein, Plaintiffs' Counsel conducted further investigation of the facts and circumstances underlying the claims asserted in the Action, which included, among other things, the review of key document including board meeting minutes, board presentations, draft versions of the Merger Agreement, engagement letters, non-disclosure agreements, and insurance policies and electronic communications and files from John Becker (Chief Executive Officer of Sourcefire) and Todd Headley (Chief Financial Officer of Sourcefire). Plaintiffs' Counsel also took confirmatory depositions of John

Becker, Todd Headley, and Brian Cayne, a representative of Qatalyst Partners LP ("Qatalyst"), the financial advisor to the Company's Board of Directors.

On September 9, 2013, Sourcefire filed a Definitive Proxy Statement with the SEC which disclosed additional information concerning the Merger Agreement identified in the Action and the Settlement Demand. The Merger was consummated on October 7, 2013.

The Settlement set forth herein reflects the results of the Settling Parties' negotiations and the terms of the MOU. An agreement-in-principle was only reached after arm's-length negotiations between the Settling Parties who were all represented by counsel with extensive experience and expertise in shareholder class action litigation. During the negotiations, all Settling Parties had a clear view of the strengths and weaknesses of their respective claims and defenses. Counsel for the Settling Parties have concluded that the terms contained in this Stipulation are fair and adequate to both the Company and the Settlement Class, and that it is reasonable to pursue a settlement of the Action based upon the procedures, the substantial benefits, and the protections outlined herein.

## II.    DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Each Defendant has denied and continues to deny each and all of the claims, contentions, and allegations made in the Action and maintains that all such claims, contentions, and allegations lack merit. Defendants also have denied and continue to deny, *inter alia*: (i) that any Sourcefire shareholder during the Settlement Class Period suffered damage or other harm; (ii) that any of Defendants' public statements were deficient in any respect; (iii) that any of Defendants committed or threatened to commit any violations of the law or breaches of fiduciary duty to Plaintiffs, the Settlement Class, or anyone else, or aided and abetted any such breaches of

fiduciary duty; and (iv) that any Defendant violated any of the federal securities laws. Pursuant to the terms set forth below, this Stipulation shall in no event be construed as or deemed to be evidence of an admission or concession by Defendants with respect to any claim of any fault, liability, wrongdoing, or damage whatsoever, all of which has been consistently denied and continues to be denied by all of the Defendants.

Defendants have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases like the Action. Defendants have, therefore, determined that it is desirable and beneficial to them that the Action be fully, finally, and forever settled in the manner and upon the terms and conditions set forth in this Stipulation.

Neither this Stipulation, nor any document referred to herein, nor any action taken to carry out this Stipulation is, may be construed as, or may be used as, an admission by or against the Defendants, or any of them, of any fault, wrongdoing or liability whatsoever. Entering into or carrying out the terms of this Stipulation (or the Exhibits hereto) and any negotiations or proceedings related hereto shall in no event be construed as, or be deemed to be evidence of, an admission or concession with regard to Plaintiffs' claims.

### III. CLAIMS OF PLAINTIFFS AND BENEFITS OF SETTLEMENT

Plaintiffs believe that the claims asserted in the Action have merit. However, Plaintiffs recognize and have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases like the Action. Plaintiffs have also taken into account the uncertainty of a recovery should there be continued proceedings, including a possible trial and/or appeals, to prosecute the Action against the Defendants. Plaintiffs are also mindful of the inherent problems of proof of, and possible defenses to, the violations asserted in the Action.

Plaintiffs believe that the Settlement set forth in this Stipulation conferred substantial immediate benefits upon, and is in the best interest of, the Settlement Class.

## IV.     TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by Plaintiffs (for themselves and Settlement Class Members), and Defendants, by and through their respective counsel or attorneys of record, being fully authorized to enter into this Stipulation, that, subject to the approval of the Court, the Released Claims, shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions of this Stipulation, as follows.

### 1.     Definitions

As used in this Stipulation the following terms have the meanings specified below:

1.1     "Action" means *In re Sourcefire, Inc. Shareholder Litigation*, 1:13-cv-02271-JFM, pending in the U.S. District Court for the District of Maryland, and all of the individual cases consolidated as part of *In re Sourcefire, Inc. Shareholder Litigation*.

1.2     "Appeal" means a request for appellate review of any order or judgment of the Court entered in this Action, including but not limited to appeals as of right, discretionary appeals, interlocutory appeals, any order reinstating an appeal, and proceedings involving writs of certiorari and/or any proceedings thereon.

1.3     "Claims Administrator" means a third party claims administration firm to be selected by Settling Parties.

1.4     "Class Judgment" means an order and/or judgment, substantially in the form attached hereto as Exhibit A, entered by the Court with jurisdiction in the Action.

1.5    "Co-Lead Plaintiffs" means Michael Vukosa, Michael Josenhans, and Robert Collier.

1.6    "Complaint" means the Amended Class Action Complaint for Breach of Fiduciary Duty, filed September 4, 2013 and captioned *In re Sourcefire, Inc. Shareholder Litigation*, No. 1:13-cv-02271-JFM, Docket No. 45.

1.7    "Court" means the U.S. District Court for the District of Maryland.

1.8    "Cisco" and "Parent" mean Cisco Systems, Inc.

1.9    "Defendants" means Sourcefire, the Individual Defendants, Cisco, and Shasta.

1.10   "Disclosures" means the clarifying and supplemental disclosures sought by Plaintiffs and adopted by Sourcefire in the Definitive Proxy, as reflected in Exhibit B.

1.11   "Effective Date" means the first date by which all of the events have occurred and conditions have been met as specified in paragraph 7.1 of this Stipulation.

1.12   "Final" means the last of the following to occur: (i) the expiration of three (3) business days after the time to file a motion to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure has passed without any such motion having been filed; (ii) the expiration of three (3) business days after the time in which to file an Appeal has passed without any Appeal having been taken; and (iii) the resolution of any Appeal in a manner that does not reverse or vacate the Class Judgment and in a manner that permits the consummation of the Settlement substantially in accordance with the terms and conditions of this Stipulation.  For purposes of the definition of "Final" under this Stipulation, an Appeal shall not include any Appeal pertaining solely to any application for or award of attorneys' fees or expenses.

1.13    "Individual Defendants" means John C. Becker, Martin F. Roesch, Steven R. Polk, Tim A. Guleri, Michael Cristinziano, Arnold L. Punaro, Charles E. Peters, Jr., Kevin M. Klausmeyer.

1.14    "Merger" means all transactions contemplated by the Agreement and Plan of Merger announced on July 23, 2013, all statements made by Defendants in pursuit of it, the payment of cash consideration to shareholders as a part of it, and the merger between Shasta with and into Sourcefire which was consummated on October 7, 2013.

1.15    "Notice" means the Notice of Pendency and Proposed Settlement of Class Action and Settlement Hearing that will be mailed to members of the Settlement Class, substantially in the form of Exhibit C attached hereto.

1.16    "Person" means an individual, corporation, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, association, joint stock company, joint venture, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, together with, as applicable, their respective domestic partners, spouses, heirs, executors, administrators, predecessors, successors, representatives, or assignees of any of the foregoing;

1.17    "Plaintiffs" means Co-Lead Plaintiffs, and plaintiff Sally LeBow.

1.18    "Plaintiffs' Counsel" means Robbins Arroyo LLP, Brodsky & Smith, LLC, Faruqi & Faruqi, LLP, Dehay & Elliston L.L.P., and Brower Piven, a Professional Corporation;

1.19    "Plaintiffs' Co-Lead Counsel" means Robbins Arroyo LLP, Brodsky & Smith, LLC, and Faruqi & Faruqi, LLP.

1.20    "Preliminary Approval Order" means an order, substantially in the form of Exhibit D attached hereto, providing for, inter alia, preliminary approval of the Settlement set forth in this Stipulation, and approval of the forms and methods for providing the Notice to the Settlement Class.

1.21    "Released Claims" means all claims (including without limitation Unknown Claims, as defined in paragraph 1.32 hereof) demands, rights, actions or causes of action, liabilities, damages, losses, obligations, judgments, suits, fees, expenses, costs, matters and issues of any kind or nature whatsoever, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, mature or unmature, that have been, could have been, or in the future can be asserted  in the Action or in any court, tribunal or proceeding (including, but not limited to, any claims arising under federal or state statutory or common law relating to alleged fraud, breach of any duty, negligence, violations of the federal or state securities laws or otherwise) by or on behalf of any member of the Settlement Class (whether individual, class, derivative, representative, legal, equitable or any other type in their capacity as Sourcefire shareholders), against the Released Parties, or any of them, which have arisen or could have arisen, arise now or hereafter arise out of, or relate in any manner to the allegations, facts, events, acquisitions, matters, acts, occurrences, statements, representations, misrepresentations, omissions, or any other matter, thing or cause whatsoever, or any series thereof, embraced, involved or set forth in, or referred to or otherwise related in any way to: (a) the Merger, or any amendment thereto; (b) the adequacy of the consideration to be paid to Sourcefire shareholders in connection with the Merger; (c) the fiduciary obligations of any of the Defendants or Released Parties in connection with the Merger, or any amendment thereto; (d) the

negotiations in connection with the Merger, or any amendment thereto; (e) the disclosures or disclosure obligations of any of the Defendants or Released Parties in connection with the Merger; provided, however, that the Released Claims shall not include the right of any party to enforce in the Court the terms of this Stipulation or the MOU and, provided further, that the Released Claims shall not include any claims to enforce the Settlement or any claims properly asserted by Sourcefire shareholders for appraisal under Section 262 of the Delaware General Corporation Law.

1.22    "Released Parties" means collectively, each and all of the Defendants, Qatalyst, and/or their respective families, parent entities, associates, affiliates or subsidiaries, and each and all of their respective past, present or future officers, directors, stockholders, agents, representatives, employees, attorneys, financial or investment advisors, other advisors, consultants, accountants, investment bankers, commercial bankers, trustees, engineers, insurers, co-insurers and reinsurers, heirs, executors, trustees, general or limited partners or partnerships, limited liability companies, members, heirs, executors, personal or legal representatives, estates, administrators, predecessors, successors and assigns, whether or not any such Released Parties were named, served with process or appeared in the Action.  The Released Parties who are not parties to the Settlement or this Stipulation, as well as their counsel, are intended to be third-party beneficiaries of the Settlement and Stipulation for purposes of enforcing the release of the Released Claims.

1.23    "Settlement" means the settlement between Plaintiffs, on behalf of themselves and Members of the Settlement Class, and Defendants on the terms contained in this Stipulation and its Exhibits.

1.24    "Settlement Class" means a non-opt-out settlement class consisting of any and all record or beneficial holders of Sourcefire common stock for the period from and including July 23, 2013 through and including October 7, 2013, which was the date of the consummation of the Merger, including any and all of their respective successors in interest, predecessors, representatives, trustees, executors, heirs, assigns or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under any of them and each of them. Excluded from the Settlement Class are Defendants, their officers and directors during the Settlement Class Period, the members of their immediate families, and their respective representatives, heirs, successors, and assigns, as well as any entity in which Defendants have or had a controlling interest.

1.25    "Settlement Class Member" or "Member of the Settlement Class" means a Person who falls within the definition of the Settlement Class set forth above.

1.26    "Settlement Class Period" means the period between July 23, 2013 and October 7, 2013, inclusive.

1.27    "Settlement Hearing" means a hearing held by the Court to consider and determine whether to enter an order approving the Settlement as fair, reasonable, and adequate and to enter the Class Judgment dismissing the Action with prejudice.

1.28    "Settling Parties" means, collectively, each of the Defendants and Plaintiffs on behalf of themselves and the Members of the Settlement Class.

1.29    "Shasta" and "Merger Sub" mean Shasta Acquisition Corp.

1.30    "Sourcefire" and the "Company" mean Sourcefire, Inc.

1.31    "Stipulation" means this Stipulation of Settlement and Exhibits attached hereto and incorporated by reference.

1.32    "Unknown Claims" means any and all Released Claims which Plaintiffs or any other Settlement Class Member, does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Parties, which, if known by him, her, or it, might have affected his, her, or its settlement with, and release of, the Released Parties, or might have affected his, her, or its decision not to object to this Settlement.  Unknown Claims include those claims in which some or all of the facts composing the claim may be suspected, or even undisclosed or hidden.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiffs shall expressly waive and relinquish, and each Settlement Class Member, shall be deemed to have, and by operation of the Class Judgment shall have, waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits of California Civil Code section 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
> WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT
> TO EXIST IN HIS OR HER FAVOR AT THE TIME OF
> EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM
> OR HER MUST HAVE MATERIALLY AFFECTED HIS OR
> HER SETTLEMENT WITH THE DEBTOR.

Plaintiffs shall expressly waive and relinquish, and each Settlement Class Member, shall be deemed to have, and by operation of the Class Judgment shall have, waived and relinquished, to the fullest extent permitted by law, any and all provisions, rights, and benefits conferred by the law of the United States, any law of any state or territory of the United States, or principle of common law, or of international law or foreign law, which is similar, comparable, or equivalent in effect to California Civil Code section 1542.  It is understood that Plaintiffs and each

Settlement Class Member may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims (including the Unknown Claims), but Plaintiffs and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Class Judgment shall have, fully, finally, and forever discharged, settled, and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, grossly negligent, reckless, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs acknowledge, and the other Settlement Class Members shall be deemed by operation of the Class Judgment to have acknowledged, that the foregoing waivers were separately bargained for and are key elements of the Settlement of which this release is a part.

**2.      Certification of Settlement Class**

2.1      For purposes of this Stipulation and Settlement only, the Settling Parties stipulate to the certification of the Settlement Class, as defined in paragraph 1.24 hereof, and the appointment of one or more of the Co-Lead Plaintiffs as class representative for the Settlement Class. Defendants expressly reserve the right to contest class certification in the event the Settlement does not become effective.

**3.     The Settlement Consideration**

3.1     In consideration for the Settlement and dismissal with prejudice of the Action and the releases provided herein, Sourcefire filed the Definitive Proxy with the SEC which included the Disclosures.  Defendants acknowledge that the Disclosures included in Exhibit B were made in direct response to the allegations made by Plaintiffs in the Action and Plaintiffs' prosecution of the Action.

**4.     Preliminary Approval Order, Notice, and Settlement Hearing**

4.1     Promptly after execution of this Stipulation, the Settling Parties shall submit this Stipulation together with its Exhibits to the Court and Plaintiffs' Co-Lead Counsel shall apply for entry of the Preliminary Approval Order, substantially in the form of Exhibit D hereto, requesting, *inter alia:* (i) preliminary approval of the Settlement; (ii) certification of the Settlement Class, for settlement purposes only; (iii) approval of the form and content of the proposed Notice of the Settlement; (iv) approval of the method for giving Notice of the Settlement and Settlement Hearing; (v) a time, date, and place for the Settlement Hearing; and (vi) an injunction against Plaintiffs and members of the Settlement Class from instituting, commencing or prosecuting any claim which asserts Released Claims against any of the Released Parties.

4.2     Cisco Systems and/or Sourcefire shall be responsible for and shall bear the out-of-pocket expenses required for the distribution of the Notice to the Settlement Class.  The Settling Parties agree to cooperate fully on the identification of the method for and nature of Notice to be given, subject to the requirements and approval of the Court.

4.3     Following Notice to the Settlement Class Members as approved and directed by the Court, at the Settlement Hearing, the Court shall be asked by the Settling Parties to consider and determine whether the Class Judgment should be entered:

(a)     certifying the Settlement Class;

(b)     finding the Settlement as provided in this Stipulation is fair, reasonable, and adequate within the meaning of Rule 23 of the Federal Rules of Civil Procedure, and that the Settlement be approved;

(c)     directing that the Settlement be consummated pursuant to the terms of this Stipulation and that the Action be dismissed in its entirety as to all Defendants without costs and with prejudice, and releasing as to the Released Parties only the Released Claims;

(d)     permanently barring and enjoining the institution and prosecution, by Plaintiffs and the other Settlement Class Members, of any other action against the Released Parties or any of them, in any court or forum of any kind asserting any Released Claims;

(e)     finding, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delaying and directing entry of a final judgment; and

(f)     containing such other and further provisions consistent with the terms of this Stipulation to which the Settling Parties expressly consent in writing.

**5.      Releases**

5.1     Upon the Effective Date, Plaintiffs and each of the Settlement Class Members, and any other Person claiming (now or in the future) through or on behalf of any of them shall be deemed to have, and by operation of the Class Judgment entered in the Action shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims (including

Unknown Claims) against each and all of the Released Parties, and shall have covenanted not to sue any of the Released Parties with respect to all such Released Claims, except to enforce the releases and other terms and conditions contained in this Stipulation or the Class Judgment entered pursuant hereto.

5.2    Upon the Effective Date, Plaintiffs and each of the Settlement Class Members, and any other Person claiming (now or in the future) through or on behalf of any of them, shall be forever permanently enjoined and restrained from commencing, instituting, asserting, maintaining, enforcing, prosecuting, or continuing to prosecute, either directly or in any other capacity, any Released Claim (including any Unknown Claim) against any of the Released Parties, in any forum of any kind.

5.3    Upon the Effective Date, each of the Defendants shall be deemed to have, and by operation of the Class Judgment entered in the Action, shall have, fully, finally, and forever released, relinquished, and discharged each and all of the Settlement Class Members and Plaintiffs, including their respective successors, assigns, heirs, domestic partners, spouses, marital communities, executors, administrators, attorneys and legal representatives, from all claims arising out of, relating to, or in connection with the institution, prosecution, or resolution of the Action, except to enforce the releases and other terms and conditions contained in this Stipulation or any Court order (including but not limited to the Class Judgment) entered pursuant thereto.

5.4    Pending the Court's determination of whether the Settlement should be approved, other than those activities and proceedings relating to this Stipulation and the Settlement, all proceedings and all further activity relating to the Action shall be stayed.

5.5     Pending the Court's determination of whether the Settlement should be approved, neither Plaintiffs, nor any of the Settlement Class Members, shall commence, maintain, or prosecute any action or proceeding in any court or tribunal against Defendants asserting any of the Released Claims.

**6.     Plaintiffs' Counsel's Attorneys' Fees and Reimbursement of Expenses**

6.1     After negotiation of the material terms of the Settlement, Plaintiffs' Counsel and Defendants' Counsel engaged in an arm's-length negotiation regarding the attorneys' fees to be paid to Plaintiffs' Counsel.  As a result of those negotiations, Plaintiffs' Counsel intends to apply to the Court for an award of attorneys' fees, costs, and expenses (the "Fee Application") of not more than $400,000 (the "Attorneys' Fee Award"), which shall be the sole fee application made in the Action. Defendants' counsel acknowledge that Plaintiffs' Counsel have a claim for attorneys' fees and expenses based on the benefits the Settlement has provided to Sourcefire shareholders.  Defendants will not oppose the Fee Application and will not oppose or appeal an Attorneys' Fee Award of $400,000 or less.  Sourcefire or any successor thereto or any of their insurers will pay the Attorneys' Fee Award, as directed by the Court, if and solely to the extent that such Attorneys' Fee Award does not exceed $400,000, subject to the procedures set forth below and conditioned on the provisions of paragraphs 7.1–7.3 below are satisfied.

6.2     Any fees and expenses awarded by the Court in connection with the Settlement shall be payable within ten (10) business days of entry of an order awarding them.  Plaintiffs' Counsel shall also be responsible for the repayment of any such fees as may be reduced or rescinded upon a successful appeal or collateral attack, which shall be repaid within ten (10) business days of the entry of an order reducing or rescinding such fees.

6.3     The disposition of the Fee Application is not a material term of this Stipulation, and it is not a condition of this Stipulation that such application be granted. The Fee Application may be considered separately from the proposed Settlement. Any disapproval or modification of the Fee Application by the Court or on appeal shall not affect or delay the enforceability of this Stipulation, provide any of the parties with the right to terminate the Settlement, or affect or delay the binding effect or finality of the Class Judgment and the release of the Released Claims. Final resolution of the Fee Application shall not be a condition to the dismissal of the Action.

6.4     Plaintiffs' Counsel warrants that no portion of any such award of attorneys' fees or expenses shall be paid to Plaintiffs or any Settlement Class Member, except as approved by the Court.

6.5     In the event Plaintiffs' Counsel have been paid attorneys' fees and/or reimbursement of expenses awarded by the Court, and this Stipulation is terminated for any reason, the Effective Date does not otherwise occur, or an order awarding Plaintiffs' Counsel attorneys' fees and/or reimbursement of expenses is reversed or modified, then any of Plaintiffs' Counsel who have received a payment shall, within ten (10) business days from Plaintiffs' Counsel receiving notice from Defendants' counsel or from a court of appropriate jurisdiction, refund fees and expenses previously paid to them plus interest, in an amount consistent with such reversal or modification.  The return obligation set forth in this paragraph is the obligation of all Plaintiffs' Counsel who receive a payment in the Action.  Each such Plaintiffs' Counsel's law firm, as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that the law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this subparagraph.

6.6     The Released Parties shall have no responsibility for, and no liability whatsoever with respect to, the allocation among counsel for any Plaintiffs in the Action and/or any other Person who may assert some claim thereto, of any fee and expense award that the Court may make in the Action.

**7.     Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

7.1     This Stipulation, the Settlement and the Effective Date shall be conditioned on the occurrence of all of the following events:

(a)     The Court has entered the Preliminary Approval Order, as required by paragraph 4.1 hereof, substantially in the form of Exhibit D attached hereto;

(b)     The Court has approved the Settlement as described herein, following Notice to the Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and has entered the Class Judgment in the Action in substantially the form of Exhibit A attached hereto; and

(c)     The Settlement and Class Judgment have become Final and dismissal of the Action with prejudice and without costs to any party (except as provided in Part IV, paragraph 6 above);

7.2     If the Effective Date does not occur for any reason whatsoever, then this Stipulation and Settlement incorporated herein shall be canceled and terminated except to the extent of paragraph 7.3 hereof unless Plaintiffs' Counsel and counsel for the Defendants mutually agree in writing to proceed with this Stipulation.  No Settling Party shall have any obligation whatsoever to proceed under any terms other than substantially in the form and under the terms provided and agreed to herein; provided, however, that no order of the Court solely concerning

any award of attorneys' fees and/or expenses to Plaintiffs' Counsel, or any modification or reversal on appeal of such order, shall constitute grounds for cancellation or termination of this Stipulation by any Settling Party.

7.3     In the event that this Stipulation or Settlement is not approved by the Court or the Settlement set forth in this Stipulation is terminated for any reason, the Settling Parties shall be restored to their respective positions in the Action as of the date of this Stipulation.   All negotiations, proceedings, documents prepared, and statements made in connection herewith shall be without prejudice to the Settling Parties, shall not be deemed or construed to be an admission by any Settling Party of any act, matter, or proposition and shall not be used in any manner or for any purpose in any subsequent proceeding in the Action or in any other action or proceeding.   In such event, the terms and provisions of this Stipulation, with the exception of paragraphs 1.1-1.32, 7.1-7.3, and 8.2 herein, shall have no further force and effect with respect to the Settling Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Class Judgment or orders entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

**8.     Miscellaneous Provisions**

8.1     The Settling Parties intend this Settlement to be a final and complete resolution of all disputes among them with respect to the Action.

8.2     Defendants may file this Stipulation and/or the Class Judgment in related litigation as evidence of the Settlement, or in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel,

release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

8.3     All agreements made and orders entered during the course of the Action relating to the confidentiality of information shall survive this Stipulation.

8.4     All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

8.5     This Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

8.6     This Stipulation and the Exhibits attached hereto constitute the entire agreement among the Settling Parties and no representations, warranties, or inducements have been made to any party concerning this Stipulation or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.  This Stipulation supersedes and replaces any prior or contemporaneous writing, statement, or understanding.  Except as otherwise provided herein, each Settling Party shall bear its own costs.

8.7     Counsel for the Settling Parties are expressly authorized by their respective clients to take all appropriate action required or permitted to be taken pursuant to this Stipulation to effectuate its terms and conditions and Counsel for the Settling Parties represent that they have authority to execute this settlement on their clients' behalf.

8.8     This Stipulation may be executed in one or more counterparts.  All executed counterparts, including by signature transmitted via e-mail in PDF format, and each of them shall be deemed to be one and the same instrument.

8.9     This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed, and delivered, entered into, and to be wholly performed, in the State of Maryland, and the rights and obligations of the Settling Parties to this Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Maryland without giving effect to that State's choice of law principles.

8.10    This Stipulation shall not be construed more strictly against one Settling Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Setting Parties, it being recognized that this Stipulation is the result of arm's-length negotiations between the Settling Parties, and all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

8.11    Plaintiffs represent and warrant that they have been stockholders in Sourcefire throughout the period covered by the Action and the Settlement and that none of the claims or causes of action that are or could have been asserted in the Action have been assigned, encumbered, or in any manner transferred in whole or in part.

8.12    The waiver by one Settling Party of any breach of this Stipulation by another Settling Party shall not be deemed a waiver by any other party or a waiver of any other prior or subsequent breach of this Stipulation.

IN WITNESS WHEREOF, the Settling Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, dated as of December 4, 2013.

OF COUNSEL:

ROBBINS ARROYO LLP
BRIAN J. ROBBINS
STEPHEN J. ODDO
EDWARD B. GERARD
JUSTIN D. RIEGER
600 B Street, Suite 1900
San Diego, CA 92101
Telephone: (619) 525-3990
Facsimile: (619) 525-3991

*Co-Lead Counsel for Plaintiffs and Counsel*
*for Plaintiff Michael Vukosa*

FARUQI & FARUQI, LLP
JUAN E. MONTEVERDE
369 Lexington Avenue, 10th Floor
New York, NY 10017
Telephone: (212) 983-9330
Facsimile: (212) 983-9331

*Co-Lead Counsel for Plaintiffs and Counsel*
*for Plaintiff Robert Collier*

_____
PATRICK C. SMITH (Bar #02054)
DEHAY & ELLISTON L.L.P.
36 South Charles Street, Suite 1300
Baltimore, MD 21201
Telephone: (410) 783-7225
Facsimile: (410) 783-7221

*Co-Liaison Counsel for Plaintiffs and Counsel*
*for Plaintiffs Michael Vukosa and Robert*
*Collier*

OF COUNSEL:

BRODSKY & SMITH, LLC
EVAN J. SMITH
MARC L. ACKERMAN
Two Bala Plaza, Suite 602
Bala Cynwyd, PA 19004
Telephone: (610) 667-6200
Facsimile: (610) 667-9029

*Co-Lead Counsel for Plaintiffs and Counsel*
*for Plaintiff Michael Josenhans*

_____
CHARLES J. PIVEN
YELENA TREPETIN
BROWER PIVEN
A Professional Corporation
1925 Old Valley Road
Stevenson, MD 21153
Telephone: (410) 332-0030
Facsimile: (410) 685-1300

*Co-Liaison Counsel for Plaintiffs and Counsel*
*for Plaintiff Michael Josenhans*

IN WITNESS WHEREOF, the Settling Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, dated as of December 4, 2013.

OF COUNSEL:

ROBBINS ARROYO LLP
BRIAN J. ROBBINS
STEPHEN J. ODDO
EDWARD B. GERARD
JUSTIN D. RIEGER
600 B Street, Suite 1900
San Diego, CA 92101
Telephone: (619) 525-3990
Facsimile: (619) 525-3991

*Co-Lead Counsel for Plaintiffs and Counsel*
*for Plaintiff Michael Vukosa*

FARUQI & FARUQI, LLP
JUAN E. MONTEVERDE
369 Lexington Avenue, 10th Floor
New York, NY 10017
Telephone: (212) 983-9330
Facsimile: (212) 983-9331

*Co-Lead Counsel for Plaintiffs and Counsel*
*for Plaintiff Robert Collier*

_____

PATRICK C. SMITH
DEHAY & ELLISTON L.L.P.
36 South Charles Street, Suite 1300
Baltimore, MD 21201
Telephone: (410) 783-7225
Facsimile: (410) 783-7221

*Co-Liaison Counsel for Plaintiffs and Counsel*
*for Plaintiffs Michael Vukosa and Robert*
*Collier*

OF COUNSEL:

BRODSKY & SMITH, LLC
EVAN J. SMITH
MARC L. ACKERMAN
Two Bala Plaza, Suite 602
Bala Cynwyd, PA 19004
Telephone: (610) 667-6200
Facsimile: (610) 667-9029

*Co-Lead Counsel for Plaintiffs and Counsel*
*for Plaintiff Michael Josenhans*

CHARLES J. PIVEN
YELENA TREPETIN
BROWER PIVEN
A Professional Corporation
1925 Old Valley Road
Stevenson, MD 21153
Telephone: (410) 332-0030
Facsimile: (410) 685-1300

*Co-Liaison Counsel for Plaintiffs and Counsel*
*for Plaintiff Michael Josenhans*

OF COUNSEL:

MORRISON & FOERSTER LLP
ERIK J. OLSON
JOSEPH K. KANADA
755 Page Mill Road
Palo Alto, CA 94304-1013
Telephone: (650) 813-5600
Facsimile: (650) 494-0792

*Counsel for Defendants Sourcefire, Inc., John
C. Becker, Martin F. Roesch, Michael
Cristinziano, Tim A. Guleri, Kevin M.
Klausmeyer, Charles E. Peters, Jr., and Arnold
L. Punaro*

HOGAN LOVELLS US LLP
MARK D. GATELY (Bar # 00134)
100 International Drive, Suite 2000
Baltimore, MD 21202
Telephone: (410) 659-2742
Facsimile: (410) 659-2701

*Counsel for Defendants Sourcefire, Inc., John
C. Becker, Martin F. Roesch, Michael
Cristinziano, Tim A. Guleri, Kevin M.
Klausmeyer, Charles E. Peters, Jr., and Arnold
L. Punaro*

THOMAS MATTHEW BUCHANAN
WINSTON & STRAWN LLP
17 K Street, N.W.
Washington, DC 20006
Telephone: (202) 282-5000
Facsimile: (202) 282-5100

WINSTON & STRAWN LLP
DAN K. WEBB
ROBERT L. MICHELS
J. ERIK CONNOLLY
ANDREW J. YAHKIND
35 West Wacker Drive
Chicago, IL 60601-9703
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

*Counsel for Defendants Cisco Systems, Inc.
and Shasta Acquisition Corp.*

OF COUNSEL:

MORRISON & FOERSTER LLP
ERIK J. OLSON
JOSEPH K. KANADA
755 Page Mill Road
Palo Alto, CA 94304-1013
Telephone: (650) 813-5600
Facsimile: (650) 494-0792

*Counsel for Defendants Sourcefire, Inc., John C. Becker, Martin F. Roesch, Michael Cristinziano, Tim A. Guleri, Kevin M. Klausmeyer, Charles E. Peters, Jr., and Arnold L. Punaro*

HOGAN LOVELLS US LLP
MARK D. GATELY (Bar # 00134)
100 International Drive, Suite 2000
Baltimore, MD 21202
Telephone: (410) 659-2742
Facsimile: (410) 659-2701

*Counsel for Defendants Sourcefire, Inc., John C. Becker, Martin F. Roesch, Michael Cristinziano, Tim A. Guleri, Kevin M. Klausmeyer, Charles E. Peters, Jr., and Arnold L. Punaro*

THOMAS MATTHEW BUCHANAN
WINSTON & STRAWN LLP
17 K Street, N.W.
Washington, DC 20006
Telephone: (202) 282-5000
Facsimile: (202) 282-5100

WINSTON & STRAWN LLP
DAN K. WEBB
ROBERT L. MICHELS
J. ERIK CONNOLLY
ANDREW J. YAHKIND
35 West Wacker Drive
Chicago, IL 60601-9703
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

*Counsel for Defendants Cisco Systems, Inc. and Shasta Acquisition Corp.*