IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| IN RE SOURCEFIRE, INC. SHAREHOLDER LITIGATION | ) Lead Case No. 1:13-cv-02271-JFM<br>) (Consolidated with nos. Case No. 1:13-cv-<br>) 02332-JKB; 1:13-cv-02377-JKB; and 1:13-cv-<br>) 02483-JKB) |
| This Document Relates To:<br><br>ALL ACTIONS. | )<br>) <u>CLASS ACTION</u><br>)<br>) |

### [P~~ROPOSED~~] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING NOTICE

WHEREAS, a class action is pending before the Court captioned *In re Sourcefire, Inc. Shareholder Litigation*, 1:13-cv-02271-JFM, and all of the individual cases consolidated as part of *In re Sourcefire, Inc. Shareholder Litigation* (the "Action");

WHEREAS, the Settling Parties have made application for an order preliminarily approving the proposed settlement of the Action in accordance with the Stipulation of Settlement dated November 27, 2013 (the "Stipulation"), which together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed settlement of the Action (the "Settlement"), and for dismissal of the Action with prejudice;

WHEREAS, the Court, having read and considered the Stipulation, as well as all the exhibits attached thereto, finds, upon a preliminary evaluation, that the proposed Settlement falls within the range of possible approval criteria, as it provides a beneficial result for the Settlement Class and appears to be the product of good-faith, informed, and non-collusive negotiations between experienced and able counsel for the Settling Parties;

- 1 -

WHEREAS, the Court also finds, upon a preliminary evaluation, that the Settlement Class should be apprised of the Settlement through the proposed form of notice, allowed to file objections, if any, thereto, and to appear at the Settlement Hearing; and

WHEREAS, except as otherwise expressly provided herein, all capitalized terms shall have the same meanings and/or definitions as set forth in the Stipulation.

NOW, THEREFORE, UPON GOOD CAUSE SHOWN, IT IS HEREBY ORDERED as follows:

1.  For purposes of the Settlement of the Action against the Defendants (and only for such purposes, and without an adjudication of the merits) and in light of the Stipulation, the Court finds that the requirements of Federal Rule of Civil Procedure 23, the United States Constitution, and any other applicable law have been met as to the Settlement Class described in paragraph 2 below in that:

    (a)  the identities of the members of the Settlement Class are likely to be ascertainable from records kept by Sourcefire, Inc. ("Sourcefire" or the "Company") and/or its agents, and from other objective criteria, and the members of the Settlement Class are so numerous that their joinder before the Court would be impracticable;

    (b)  Plaintiffs have alleged numerous questions of fact and law common to the Settlement Class;

    (c)  Plaintiffs allege that the Defendants engaged in conduct uniformly affecting members of the proposed Settlement Class and the Court preliminarily finds that Plaintiffs' claims in the Action are typical of the claims of the proposed Settlement Class;

(d) Plaintiffs' claims challenge a single course of conduct by the Defendants that affects all members of the Settlement Class equally in proportion to their ownership of Sourcefire common stock;

(e) Plaintiffs have and will fairly and adequately protect the interest of the proposed Settlement Class in that: (i) the interests of Plaintiffs and the nature of their alleged claims are consistent with those of the members of the Settlement Class; (ii) there appear to be no conflicts between or among the Plaintiffs and the Settlement Class; (iii) Plaintiffs have been and appear to be capable of continuing to be active participants in both the prosecution and the settlement of the Action; and (iv) Plaintiffs and the members of the Settlement Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complex commercial litigation class actions; and

(f) the Court finds, for settlement purposes only, that: (i) the prosecution of separate actions by individual members of the Settlement Class would create a risk of inconsistent adjudications with respect to individual members of the Settlement Class which would establish incompatible standards of conduct for the Defendants; and (ii) Defendants have acted or refused to act on grounds generally applicable to the Settlement Class, thereby making final equitable relief appropriate with respect to the Settlement Class as a whole, if Plaintiffs' allegations could be proven.

2. Based on the findings set out in paragraph 1 above and pursuant to Federal Rule of Civil Procedure 23, the Court conditionally certifies, for settlement purposes only, a non-opt-out settlement class consisting of any and all record or beneficial holders of Sourcefire common stock for the period from and including July 23, 2013 through and including October 7, 2013,

which was the date of the consummation of the Merger, including any and all of their respective successors in interest, predecessors, representatives, trustees, executors, heirs, assigns or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under any of them and each of them. Excluded from the Settlement Class are Defendants, their officers and directors during the Settlement Class Period, the members of their immediate families, and their respective representatives, heirs, successors, and assigns, as well as any entity in which Defendants have or had a controlling interest.

3. The Court does hereby preliminarily approve the Settlement as set forth in the Stipulation, subject to further consideration at the Settlement Hearing described below.

4. Pending the Court's determination as to final approval of the Settlement, Plaintiffs and all members of the Settlement Class, or any of them, are barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement or prosecution of any action asserting any Released Claims against any of the Released Parties.

5. The Settlement Hearing shall be held before this Court on _APRIL 11_, 2014, at _10:00 A_.m., in the U.S. District Court for the District of Maryland, Baltimore Division, 101 W. Lombard Street, Baltimore, Maryland 21201, to determine: (i) whether the Settlement Class should be finally certified for settlement purposes; (ii) whether the Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; (iii) whether the Action should be dismissed with prejudice; and (iv) whether the Court should approve an award of attorneys' fees and expenses to Plaintiffs' Co-Lead Counsel in the Action and the amount of such award. The

Court may adjourn and reschedule the Settlement Hearing for hearing without further notice to members of the Settlement Class.

6. The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action and Settlement Hearing (the "Notice") and finds that the provisions of the Notice, substantially in the manner and form set forth in Exhibit C to the Stipulation, meets the requirements of Federal Rules of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto. Non-material changes to the form of Notice may be made without further approval of the Court.

7. Sourcefire or its successor(s) shall be responsible for providing Notice of the Settlement to the members of the Settlement Class and shall pay all reasonable costs and expenses incurred in providing notice of the Settlement to the members of the Settlement Class.

8. Within twenty (20) business days after the entry of this order (the "Preliminary Approval Order"), Sourcefire shall mail or cause the Notice to be mailed by First-Class Mail to all shareholders of record who can be identified with reasonable effort.

9. Shareholders of record who held Sourcefire common stock at any time during the period from and including July 23, 2013 through and including October 7, 2013 for the beneficial ownership of another shall mail the Notice to all such beneficial owners of such common stock within ten (10) business days after receipt thereof.

10. At least fourteen (14) calendar days prior to the Settlement Hearing, Sourcefire shall file with the Court an appropriate affidavit or declaration with respect to preparing, mailing, and distributing the Notice.

11. Within twenty (20) business days after the entry of this Preliminary Approval Order, Plaintiffs' Co-Lead Counsel shall cause the Stipulation and Notice to be posted on the website of Robbins Arroyo LLP.

12. At least seven (7) calendar days prior to the Settlement Hearing, Plaintiffs' Co-Lead Counsel shall file with the Court an appropriate affidavit or declaration with respect to posting of the Stipulation and Notice.

13. Any Member of the Settlement Class may, but is not required to, enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice. Any Member of the Settlement Class who does not enter an appearance will be represented by Plaintiffs' Co-Lead Counsel.

14. Any Member of the Settlement Class may comment on or object to the Settlement. Any such Person should mail or hand deliver a written Notice of Objection such that it is received at least fourteen (14) calendar days before the date of the Settlement Hearing by each of the following:

**Court**
U.S. District Court for the
District of Maryland, Baltimore Division
101 W. Lombard Street
Baltimore, MD 21201
RE: *In re Sourcefire, Inc. Shareholder Litigation*
1:13-cv-02271-JFM

*The Court*

**ROBBINS ARROYO LLP**
STEPHEN J. ODDO
600 B Street, Suite 1900
San Diego, CA 92101

**BRODSKY & SMITH, LLC**
EVAN J. SMITH
MARC L. ACKERMAN
Two Bala Plaza, Suite 602
Bala Cynwyd, PA 19004

**FARUQI & FARUQI, LLP**
JUAN E. MONTEVERDE
369 Lexington Avenue, 10th Floor
New York, NY 10017

*Plaintiffs' Co-Lead Counsel*

Written notices of objections should: (i) demonstrate the objecting Person's membership in the Settlement Class; (ii) contain a statement of the reasons for objection; and (iii) contain a statement of intent to be heard if the objecting person or his/her/its lawyer requests to address the Court at the Settlement Hearing, a description of any law or case supporting the objection and copies of any documents sought to be presented in support of the objection. Plaintiffs' Co-Lead Counsel will promptly provide copies of any objections received to Defendants' Counsel.

15. No later than seven (7) calendar days before the Settlement Hearing, all briefs supporting the Settlement, including any responses to stockholder objections, if any, shall be served and filed.

16. Any Member of the Settlement Class who does not make his, her, or its objection to the Settlement before or at the Settlement Hearing shall be deemed to have waived such objection and shall be forever foreclosed from making any objection to the Settlement.

17. All Members of the Settlement Class (and his, hers, or its successors, predecessors, and assigns) shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Settlement Class.

18. If the Settlement does not become Final for any reason, the Settlement and the settlement documents shall be null and void and of no force and effect. In such event, the

Settling Parties shall return to their respective litigation positions in the Action as of the time immediately prior to the date of the execution of the Stipulation, as though it were never executed or agreed to, and the Stipulation shall not be deemed to prejudice in any way the positions of the Settling Parties with respect to the Action, or to constitute an admission of fact by any Settling Party, shall not entitle any Settling Party to recover any costs or expenses incurred in connection with the implementation of the Stipulation or the Settlement, and neither the existence of the Stipulation nor its contents shall be admissible in evidence or be referred to for any purposes in the Action, or in any litigation or judicial proceeding, other than to enforce the terms therein.

19. All proceedings in the Action, except for those proceedings related to the Settlement, shall be stayed until the resolution of all such Settlement-related proceedings.

20. The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the members of the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.

\* \* \*

### ORDER

IT IS SO ORDERED.

DATED: _____      _____
THE HONORABLE J. FREDERICK MOTZ
DISTRICT COURT JUDGE

904671