# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# NORTHERN DIVISION

| | |
|---|---|
| IN RE SOURCEFIRE, INC. SHAREHOLDER LITIGATION | ) Lead Case No. 1:13-cv-02271-JFM<br>) (Consolidated with nos. Case No. 1:13-cv-<br>) 02332-JKB; 1:13-cv-02377-JKB; and 1:13-cv-<br>) 02483-JKB) |
| This Document Relates To:<br><br>ALL ACTIONS. | )<br>) <u>CLASS ACTION</u><br>)<br>) |

## ▆▆▆▆▆▆▆ FINAL ORDER AND JUDGMENT

This matter came before the Court for hearing, pursuant to the Preliminary Approval Order[1] of this Court dated December 13, 2013, on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation, and due and adequate notice having been given to the Settlement Class as required in said Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including the Settlement Class Members.

2. This Final Order and Judgment incorporates and makes a part hereof: (i) the Stipulation; and (ii) the Court-approved Notice which was filed with the Court as Exhibit C to the Stipulation.

---

[1] Except as otherwise provided herein, all capitalized terms shall have the same meanings and/or definitions as set forth in the Stipulation of Settlement dated December 4, 2013 (the "Stipulation").

3. The Notice of the Settlement mailed to the Settlement Class was the best notice practicable under the circumstances. The Notice provided due and adequate notice of the Action and of the matters set forth in the Stipulation, including the Settlement, to all Persons entitled to such notices, and the Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, and any other applicable law, statute, or rule.

4. The Court finds that, in light of the Settling Parties' agreement to settle the claims alleged in the Action, the Settlement Class certified in the Preliminary Approval Order meets all of the requirements of Federal Rule of Civil Procedure 23 for the reasons set out in the Preliminary Approval Order. Therefore, for purposes of Settlement only, the Court hereby finally certifies a non-opt-out Settlement Class consisting of all record or beneficial holders of Sourcefire common stock at any time from and including July 23, 2013 through and including October 7, 2013, which was the date of the consummation of the Merger, including any and all of their respective successors in interest, predecessors, representatives, trustees, executors, heirs, assigns or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under any of them and each of them. Excluded from the Settlement Class are the Released Parties.

5. The Court finds the Settlement is in all respects fair, reasonable, and adequate with respect to the Settlement Class, and directs that the Settlement be consummated in accordance with the terms and conditions set forth in the Stipulation, and hereby approves the Settlement as set forth in the Stipulation.

6. The Court approves the sum of $400,000.00 for Plaintiffs' attorneys' fees and litigation expenses and directs Sourcefire or any successor thereto to transfer (or cause to be

transferred) this amount to Plaintiffs' Counsel in accordance with the terms and subject to the conditions of the Stipulation.

7. Upon the Effective Date, Plaintiffs and each of the Settlement Class Members, and any other Person claiming (now or in the future) through or on behalf of any of them shall be deemed to have, and by operation of this Class Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims (including Unknown Claims) against each and all of the Released Parties, and shall have covenanted not to sue any of the Released Parties with respect to all such Released Claims, except to enforce the releases and other terms and conditions contained in the Stipulation or this Class Judgment.

8. Upon the Effective Date, Plaintiffs and each of the Settlement Class Members, and any other Person claiming (now or in the future) through or on behalf of any of them, shall be forever permanently enjoined and restrained from commencing, instituting, asserting, maintaining, enforcing, prosecuting, or continuing to prosecute, either directly or in any other capacity, any Released Claim (including any Unknown Claim) against any of the Released Parties, in any forum of any kind.

9. Upon the Effective Date, each of the Defendants shall be deemed to have, and by operation of this Class Judgment, shall have, fully, finally, and forever released, relinquished, and discharged each and all of the Settlement Class Members and Plaintiffs, including their respective successors, assigns, heirs, domestic partners, spouses, marital communities, executors, administrators, attorneys and legal representatives, from all claims arising out of, relating to, or in connection with the institution, prosecution, or resolution of the Action, except to enforce the

releases and other terms and conditions contained in the Stipulation or any Court Order (including but not limited to this Class Judgment) entered pursuant thereto.

10. The Released Parties may file the Stipulation and/or this Class Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11. Without affecting the finality of this Class Judgment in any way, the Court hereby retains continuing jurisdiction over the Action and the Settling Parties for: (i) implementation of the Settlement; and (ii) all other proceedings related to the implementation and enforcement of the terms of the Stipulation and/or the Settlement. The time to appeal from this Class Judgment shall commence upon notice of entry of this Class Judgment.

12. In the event that this Class Judgment is rendered or declared invalid by a court of competent jurisdiction, such invalidation of such part or portion of the Stipulation should not invalidate the remaining portions thereof, and they shall remain in full force and effect.

13. The Court finds that during the course of the Action the Settling Parties and their respective counsel at all times acted professionally and in compliance with Federal Rules of Civil Procedure 11, and all other similar statutes or court rules with respect to any claims or defenses in the Action.

14. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

15. The Action is hereby dismissed as against Defendants with prejudice, and without fees or costs (except as set forth in the Stipulation and paragraph 6 herein).

16. The Court directs immediate entry of the final Class Judgment by the Clerk of the Court.

\* \* \*

**ORDER**

IT IS SO ORDERED.

DATED: April 18, 2014

THE HONORABLE ~~J. FREDERICK MOTZ~~ MARVIN J. GARBIS
DISTRICT COURT JUDGE

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2014 APR 18 P 12: 03
CLERK'S OFFICE
AT BALTIMORE
BY _____ DEPUTY

- 5 -